# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JONATHAN HILL, | Case No. 1:16-cv-00161-SAB-PC |
| Plaintiff, | ORDER DISMISSING COMPLAINT, WITH LEAVE TO AMEND, FOR FAILURE TO STATE A COGNIZABLE CLAIM FOR RELIEF |
| v. | |
| C/O MARTINEZ, et al., | |
| Defendants. | THIRTY-DAY DEADLINE |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis pursuant to 42 U.S.C. § 1983.  Plaintiff has consented to magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c).[1] Currently before the Court is Plaintiff's complaint filed February 4, 2016.

## I.

## SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fail to state a claim on which relief may be granted," or that "seek monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere

---

[1] Plaintiff filed a consent to proceed before a magistrate judge on February 22, 2016. (ECF No. 6.)

conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)(citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Moreover, Plaintiff must demonstrate that each defendant personally participated in the deprivation of Plaintiff's rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).

Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor. Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012)(citations omitted). To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

**II.**

**COMPLAINT ALLEGATIONS**

Plaintiff, an inmate in the custody of the California Department of Corrections and Rehabilitation (CDCR) at Kern Valley State Prison, brings this action against correctional officials employed by the CDCR at Corcoran State Prison, where the events at issue occurred. Plaintiff names the following individual Defendants: Correctional Officer (C/O) I. Martinez; C/O J. Zapata; C/O M. Cote; C/O L. Borges; Sergeant A. Macias; Sgt. R. Castro.

Plaintiff's claims stem from a use of force incident at CSP Corcoran. It is unclear from the complaint, but Plaintiff appears to allege a use of force and a disciplinary violation. Plaintiff alleges that Defendant Martinez authored a false disciplinary report that refers to an event that resulted in the use of force. Plaintiff alleges that "all the officers except Macias" subjected him to excessive force. (Compl. ¶ IV.) Plaintiff alleges that the remaining Defendants "kept pushing their forearms and elbows into my temple, face head, and neck, for about a minute." (Id.) Plaintiff alleges that Sgt. Macias stood by and watched, ignoring Plaintiff's complaints. Plaintiff also claims that these actions "chilled my First Amendment right to free speech and my right to

petition the government." (Id.)

## III.
## DISCUSSION

### A.    Excessive Force

The unnecessary and wanton infliction of pain violates the Cruel and Unusual Punishments Clause of the Eighth Amendment. Hudson v. McMillian, 503 U.S. 1 (1992)(citations omitted). For claims arising out of the use of excessive physical force, the issue is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Wilkins v. Gaddy, 559 U.S. 34, 37 (2010)(per curiam)(citing Hudson, 503 U.S. at 7)(internal quotation marks omitted); Furnace v. Sullivan, 705 F.3d 1021, 1028 (9th Cir. 2013). The objective component of an Eighth Amendment claim is contextual and responsive to contemporary standards of decency. Hudson, 503 U.S. at 8. Although de minimis uses of force do not violate the Constitution, the malicious and sadistic use of force to cause harm always violates contemporary standards of decency, regardless of whether or not significant injury is evident. Wilkins, 559 U.S. at 37-8.

Here, the Court finds Plaintiff's allegations to be vague. Although Plaintiff alleges facts indicating that force was used against him, he refers to Defendants collectively. In his complaint, Plaintiff indicates that he previously filed a lawsuit regarding the conduct of Defendants, which was dismissed for failure to exhaust administrative remedies prior to filing suit. Hill v. Macias, et. al., 1:14-cv-01425-SKO-PC. The Court notes that Plaintiff provides greater factual detail in his allegations in the complaint filed in the earlier action, which was dismissed with leave to amend. Because the Court finds the allegations in this complaint to be vague, Plaintiff's excessive force claim should be dismissed. Plaintiff will, however be granted leave to cure the deficiencies in an amended complaint.

Plaintiff must allege facts indicating that each Defendant subjected Plaintiff to excessive force. Plaintiff may not name several defendants, and then allege conduct as to those defendants collectively. Section 1983 provides a cause of action for the violation of Plaintiff's constitutional or other federal rights by persons acting under color of state law. Nurre v.

Whitehead, 580 F.3d 1087, 1092 (9th Cir. 2009); Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). "Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred." Crowley v. Nevada ex rel. Nevada Sec'y of State, 678 F.3d 730, 734 (9th Cir. 2012)(citing Graham v. Connor, 490 U.S. 386, 393-94 (1989))(internal quotation marks omitted). To state a claim, Plaintiff must allege facts demonstrating the existence of a link, or causal connection, between each defendant's actions or omissions and a violation of his federal rights. Lemire v. California Dep't of Corr. and Rehab., 726 F.3d 1062, 1074-75 (9th Cir. 2013); Starr v. Baca, 652 F.3d 1202, 1205-08 (9th Cir. 2011).

**B.     First Amendment**

"[A] prison inmate retains those First Amendment rights that are not inconsistent with his status as a prisoner or with the legitimate penological objectives of the corrections system." Pell v. Procunier, 417 U.S. 817, 822 (1974); see also Jones v. Williams, 791 F.3d 1023, 1035 (9th Cir. 2015); Clement v. Cal. Dep't of Corr., 364 F.3d 1148, 1151 (9th Cir. 2004)(per curiam); Ashker v. Cal. Dep't of Corr., 350 F.3d 917, 922 (9th Cir. 2003); Rizzo v. Dawson, 778 F.2d 527, 532 (9th Cir. 1985).

Plaintiff fails to allege what regulation, custom, policy or practice impinges on his First Amendment rights. A general allegation that the conduct of some individual deprived Plaintiff of his First Amendment speech and petition rights is insufficient to state claim for relief. Regulations that impinge on First Amendment rights are valid if they are reasonably related to legitimate penological interests. Turner v. Safley, 482 U.S. 78, 89 (1987); see also Beard v. Banks, 548 U.S. 521, 528 (2006); Overton v. Bazzetta, 539 U.S. 126, 132 (2003); Shaw v. Murphy, 532 U.S. 223, 229 (2001); Lewis v. Casey, 518 U.S. 343, 361 (1996); Prison Legal News v. Lehman, 397 F.3d 692, 699 (9th Cir. 2005); Ashker, 350 F.3d at 922; Morrison v. Hall, 261 F.3d 896, 901 (9th Cir. 2001); Mauro v. Arpaio, 188 F.3d 1054, 1058 (9th Cir. 1999)(en banc). A prisoner may challenge whether his speech fits within the regulation in addition to challenging the regulation on its face. See Hargis v. Foster, 312 F.3d 404, 410 (9th Cir. 2002). Plaintiff's vague allegation that Defendants' use of force violated his First Amendment rights

fails to state a claim for relief. This claim should therefore be dismissed. Plaintiff will, however, be granted leave to cure the deficiencies in an amended complaint.

### C. Disciplinary Violation

Plaintiff alleges that Defendant Martinez authored a false disciplinary report. To the extent that Plaintiff is challenging the validity of any disciplinary process, he is advised that where, as here, "success in a . . . [section] 1983 damages action would implicitly question the validity of a conviction or duration of a sentence, the litigant must first achieve favorable termination of his available state, or federal habeas, opportunities to challenge the underlying conviction or sentence." Muhammad v. Close, 540 U.S. 749, 751 (2004)(citing to Heck v. Humphrey, 512 U.S. 477 (1994)); Edwards v. Balisok, 520 U.S. 641, 648 (1997)(applying Heck to a prison disciplinary hearing where good-time credits were affected).

Plaintiff has not alleged whether he was found guilty as a result of the disciplinary violation, or what his punishment was. Because the punishment imposed at a disciplinary hearing may affect the duration of Plaintiff's sentence, Plaintiff's due process claim may be barred until such time as Plaintiff invalidates the result of the disciplinary hearing. Plaintiff does not allege that his disciplinary conviction has been reversed, expunged, or otherwise invalidated. This claim should therefore be dismissed. Plaintiff will, however, be granted leave to cure this deficiency in an amended complaint.

## IV.

## CONCLUSION AND ORDER

For the reasons stated, Plaintiff's complaint fails to state a claim upon which relief may be granted. Plaintiff is granted leave to file an amended complaint within thirty (30) days. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007)(no "buckshot" complaints).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights. Iqbal, 556 U.S. 662, 678. "The inquiry into causation must be individualized and focus on the

duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation." Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1988). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level. . . ." Twombly, 550 U.S. at 555 (citations omitted).

Finally, an amended complaint supersedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in and of itself without reference to the prior or superseded pleading," Local Rule 220. "All causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing to London v. Coopers Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send to Plaintiff a civil rights complaint form;

2. Plaintiff's complaint, filed February 4, 2016, is dismissed for failure to state a claim;

3. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file a a first amended complaint; and

4. If Plaintiff fails to file an amended complaint in compliance with this order, the Court will recommend dismiss this action, with prejudice, for failure to state a claim and to obey a court order.

IT IS SO ORDERED.

Dated:   **April 12, 2016**

UNITED STATES MAGISTRATE JUDGE