# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHNATHAN HILL,<br><br>    Plaintiff,<br><br>    v.<br><br>I. MARTINEZ, et al.,<br><br>    Defendants. | Case No. 1:16-cv-00161-SAB-PC<br><br>ORDER DISMISSING ACTION FOR FAILURE TO STATE A COGNIZABLE CLAIM FOR RELIEF AND FAILURE TO PROSECUTE<br><br>(ECF NOs. 7, 8) |

Plaintiff Johnathan Hill is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff has consented to magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c).[1]

On April 12, 2016, the Court dismissed Plaintiff's February 4, 2016, complaint for failure to state a cognizable claim for relief. Plaintiff was granted thirty days to file an amended complaint. 28 U.S.C. § 1915A; 28 U.S.C. § 1915(e). (ECF No. 7.) Plaintiff was warned that if he failed to comply, this action would be dismissed, with prejudice, for failure to state a claim and failure to prosecute. (ECF No. 7 at 6:18.) Plaintiff failed to file an amended complaint within the thirty days, and on May 24, 2016, an order to show cause was entered, directing Plaintiff to show cause, within thirty days, why this action should not be dismissed for failure comply with a court order and failure to state a claim upon which relief could be granted. More

---

[1] Plaintiff filed a consent to proceed before a magistrate judge on February 22, 2016 (ECF No .6).

1

than thirty days have passed, and Plaintiff has not responded to the order to show cause.

The Court has the inherent power to control its docket and may, in the exercise of that power, impose sanctions where appropriate, including dismissal of this action. Bautista v. Los Angeles Cnty., 216 F.3d 837, 841 (9th Cir. 2000). In determining whether to dismiss an action, the Court must weigh "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its own docket; (3) the risk of prejudice to the defendants; (4) the public policy of favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." In re Phenylpropanolamine (PPA) Prod. Liab. Litig., 460 F.3d 1217, 1226 (9th Cir. 2006)(internal quotations and citations omitted). These factors guide a court in deciding what to do, and are not conditions that must be met in order for a court to take action. Id. (citation omitted).

Based on Plaintiff's failure to comply with or otherwise respond to the Court's orders, as a result, there is no pleading on file which sets forth any claims upon which relief may be granted, and the Court is left with no alternative but to dismiss the action for failure to state a cognizable claim for relief. Id. Accordingly, IT IS HEREBY ORDERED that this action is dismissed, with prejudice, for failure to state a cognizable claim for relief, and failure to prosecute. The Clerk is directed to close this case.

IT IS SO ORDERED.

Dated:   **July 18, 2016**

UNITED STATES MAGISTRATE JUDGE